FILED

SEP 2 , 2005

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KORI BLANKENSHIP, MITCH AND JULIE MANN, STEPHEN AND CLAUDIA AECHTERNACHT, NICK AND DEBORAH DENNER, LARRY AND JANE CAIN, PATRICK AND SANDRA POEL, BRADY COLEMAN, STEPHEN CASE, KEITH FAIRCHILD, WARREN STINSON, DUDLEY AND JANET EVANS, MIKE AND SUZANNE GALLO, MICHAEL AND REBECCA CLARK, DON YOUMANS, SUSAN AND JOE WILKINSON, KEVIN AND ANGIE O'BRIEN AND PATRICIA GREENSPAN | § § § § § § § § § § § § § § § |
| v. | § § |
| CYPRESS RANCH, LTD., CYPRESS RANCH DEVELOPMENT, INC., RUSSELL PARKER, EDWARD C. MOORE, E.C. MOORE CONSULTING, INC. AND ccCARLTON INDUSTRIES, LTD. | § § § § § |

A05CA772 LY

Civil Action No. _____

## NOTICE OF REMOVAL

**TO THE CLERK OF THE COURT:**

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Cypress Ranch, Ltd. and

Cypress Ranch Development, Inc. (collectively, "Cypress Ranch Defendants") and Defendant

Russell Parker ("Defendant Parker") (all three such Defendants are jointly referred to below as

the "Cypress Defendants") respectfully remove to this Court the action filed by Plaintiffs, Kori

Blankenship, Mitch and Julie Mann, Stephen and Claudia Aechternacht, Nick and Deborah

Denner, Larry and Jane Cain, Patrick and Sandra Poel, Brady Coleman, Stephen Case, Keith

Fairchild, Warren Stinson, Dudley and Janet Evans, Mike and Suzanne Gallo, Michael and

Rebecca Clark, Don Youmans, Susan and Joe Wilkinson, Kevin and Angie O'Brien and Patricia

1

Greenspan ("Plaintiffs") in the 53rd Judicial District Court of Travis County, Texas, captioned "Cause No. GN502943; *Kori Blankenship, Mitch and Julie Mann, Stephen and Claudia Aechternacht, Nick and Deborah Denner, Larry and Jane Cain, Patrick and Sandra Poel, Brady Coleman, Stephen Case, Keith Fairchild, Warren Stinson, Dudley and Janet Evens, Mike and Suzanne Gallo, Michael and Rebecca Clark, Don Youmans, Susan and Joe Wilkinson, Kevin and Angie O'Brien and Patricia Greenspan v. Cypress Ranch, Ltd., Cypress Ranch Development, Inc., Russell Parker, Edward C. Moore and E.C. Moore Consulting, Inc.*" ("the State Court Litigation"). In support of this removal, the Cypress Defendants state as follows:

## BACKGROUND
### I.

1.      On August 19, 2005, Plaintiffs filed their Original Petition in the State Court Litigation.

2.      The Cypress Ranch Defendants were served with process (citation) on September 15, 2005 and filed an Answer in response to Plaintiffs' Original Petition in the State Court Litigation on September 20, 2005. Defendant Parker was served with process (citation) on September 13, 2005 and filed an Answer in response to Plaintiffs' Original Petition in the State Court Litigation on September 20, 2005.

3.      In accordance with 28 U.S.C. §§ 1446(a), attached to this Notice of Removal as Exhibit "A", are true and correct copies of all process, pleadings and orders (except any discovery documents that may have been served) filed in the State Court Litigation, as well as the State Court Litigation Docket Sheet. There have been no other proceedings in, and no other

.

2

pleadings, process, motions or orders filed in the State Court Litigation other than what is set forth in Exhibit "A".[1]

4.     Edward C. Moore and E. C. Moore Consulting, Inc. ("the Moore Defendants") have not been served with process (citation).  The Moore Defendants, as reflected in the Joinder in Removal attached as <u>Exhibit "E,"</u> join in and consent to this Notice of Removal.  ccCarlton Industries, Ltd. ("Carlton") was served with process (citation) on September 8, 2005 in the State Court Litigation.[2]  Carlton, as reflected in its Joinder in Removal attached as <u>Exhibit "F,"</u> joins in and consents to this Notice of Removal.

## FEDERAL COURT SUBJECT MATTER JURISDICTION
## II.

5.     Federal court jurisdiction exists in this matter under 28 U.S.C. § 1331.

6.     Plaintiffs, in their Original Petition filed in the State Court Litigation, allege claims based on the Clean Water Act, 33 U.S.C. § 1251(a) *et seq.* and "numerous federal…statutes…"

7.     Accordingly, this civil action arises under the Constitution and laws of the United States of America and is within this Court's original jurisdiction pursuant to 28 U.S.C. § 1331. Therefore, the Cypress Defendants may properly remove this action pursuant to 28 U.S.C. § 1441.

8.     Plaintiffs' alleged state law claims against the Cypress Defendants are removed pursuant to 28 U.S.C. § 1441(c).

---

[1] True and correct copies of all such process (citation) and pleadings (the Plaintiffs' Original Petition) served in the State Court Litigation on the Cypress Ranch Defendants in connection with the State Court Litigation are attached as <u>Exhibit "B."</u>  True and correct copies of all such process (citation) and pleadings (the Plaintiffs' Original Petition) served in the State Court Litigation on Defendant Parker are attached as <u>Exhibit "C."</u>

[2] A true and correct copy of all such process and pleadings served in the State Court Litigation on Carlton in connection with the State Court Litigation is attached as <u>Exhibit "D"</u>.

3

## PROCEDURAL REQUIREMENTS
### III.

9.      In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within

thirty (30) days after receipt by the Cypress Defendants (and the Moore Defendants and Carlton),

through service or otherwise, of a copy of the initial pleading setting forth the claim for relief

upon which such action or proceeding is based.  This Notice of Removal is timely under 28

U.S.C. § 1446(b) because it is filed within thirty days of August 23, 2005, which is the date the

Cypress Defendants first obtained a copy of the Plaintiffs' Original Petition which is

incorporated in Exhibit "A".[3]

10.     All Defendants named in this action join in and consent to removal, given the

Moore Defendants' Joinder in the Removal, attached hereto as Exhibit "E" and Carlton's Joinder

in the Removal, attached hereto as Exhibit "F."

11.     Accordingly, the Defendants are entitled to have this cause removed from the 53rd

Judicial District Court of Travis County, Texas, to the United States District Court for the

Western District of Texas, Austin Division.

12.     Pursuant to 28 U.S.C. § 1446(d), the Cypress Defendants will promptly give

notice of this removal to the adverse parties and file a copy of the Notice with the Clerk of the

Travis County, Texas District Court.

---

[3] The Cypress Defendants first received a copy in this regard on August 23, 2005 by virtue of their attorneys having received a copy of the Plaintiffs' Original Petition (which was filed on August 19, 2005) in the State Court Litigation.  The Moore Defendants first received a copy of the Plaintiffs' Original Petition which is incorporated in Exhibit "A" on August 23, 2005 by virtue of their attorneys having received a copy of the Plaintiffs' Original Petition (which was filed on August 19, 2005) in the State Court Litigation.  Carlton first received a copy of the Plaintiffs' Original Petition which is incorporated in Exhibit "A" on August 23, 2005 by virtue of their attorneys having received a copy of the Plaintiffs' Original Petition (which was filed on August 19, 2005) in the State Court Litigation.

4

13.    The Cypress Defendants have not made a demand for a jury trial in the State Court Litigation.[4]

**WHEREFORE,** Defendants, Cypress Ranch, Ltd., Cypress Ranch Development, Inc. and Russell Parker request that this action be removed to this Court; that this Court accept jurisdiction over this action, and that this action be entered on the Docket of this Court for further proceedings as though the action had been originally instituted in this Court.

---

[4] The Moore Defendants have not yet filed an Answer in the State Court Litigation and, therefore, have not demanded a trial by jury.  Carlton has not yet filed an Answer in the State Court Litigation and, therefore, has not demanded a trial by jury.

AUSTIN 421446v2 66273-00002

Respectfully submitted,

DuBOIS, BRYANT, CAMPBELL & SCHWARTZ
L.L.P.
700 Lavaca Street, Suite 1300
Austin, Texas  78701
Telephone:  (512) 457-8000
Telecopier:  (512) 457-8008

By: _____
          Michael C. McCrea, Of Counsel
          State Bar No. 13485500

JENKENS & GILCHRIST
A Professional Corporation
401 Congress Avenue, Suite 2500
Austin, Texas 78701-3248
Telephone: (512) 499-3800
Telecopier: (512) 499-3810

By: _____
          Gary E. Zausmer
          State Bar No. 22251350
          Albert R. Axe, Jr.
          State Bar No. 01457400

ATTORNEYS FOR DEFENDANTS CYPRESS
RANCH, LTD., CYPRESS RANCH DEVELOPMENT,
INC. and RUSSELL PARKER

6

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been forwarded via certified mail, return receipt requested, on this 21st day of September, 2005 to the following:

Phillip Poplin
HENRY & POPLIN
819 ½ West 11th Street
Austin, Texas  78701
Telephone:  (512) 708-1549
Telecopier:  (512) 708-1297
ATTORNEYS FOR PLAINTIFFS


Donald W. Holcomb
Knolle & Holcomb
The Citadel Building
6805 Capital of Texas Highway North, Suite 330
Austin, Texas  78731
ATTORNEYS FOR ccCARLTON INDUSTRIES, LTD.

Scott Lyford
MILLS SHIRLEY, LLP
2600 McCullough
San Antonio, Texas  78212
ATTORNEYS FOR EDWARD C. MOORE AND E. C. MOORE CONSULTING, INC.


                                          Gary E. Zausmer

**COURT**

CAUSE NO. **GN502943** _____

| | |
|---|---|
| KORI BLANKENSHIP, MITCH AND JULIE MANN, STEPHEN AND CLAUDIA AECHTERNACHT, NICK AND DEBORAH DENNER, LARRY AND JANE CAIN, PATRICK AND SANDRA POEL, BRADY COLEMAN, STEPHEN CASE, KEITH FAIRCHILD, WARREN STINSON, DUDLEY AND JANET EVANS, MIKE AND SUZANNE GALLO, MICHAEL AND REBECCA CLARK, DON YOUMANS, SUSAN AND JOE WILKINSON, KEVIN AND ANGIE O'BRIEN, AND PATRICIA GREENSPAN, *Plaintiffs,* <br><br> v. <br><br> CYPRESS RANCH, LTD., CYPRESS RANCH DEVELOPMENT INC., RUSSELL PARKER, EDWARD C. MOORE, E.C. MOORE CONSULTING, INC., AND ccCARLTON INDUSTRIES, LTD. *Defendants.* | IN THE DISTRICT COURT <br><br> TRAVIS COUNTY, TEXAS <br><br> 53 JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION
## AND REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Kori Blankenship, Mitch and Julie Mann, Stephen and Claudia Aechternacht, Nick and Deborah Denner, Larry and Jane Cain, Patrick and Sandra Poel, Brady Coleman, Stephen Case, Keith Fairchild, Warren Stinson, Dudley and Janet Evans, Mike and Suzanne Gallo, Michael and Rebecca Clark, Don Youmans, Susan and Joe Wilkinson, Angie and Kevin O'Brien and Patricia Greenspan (together "Plaintiffs") and file this Original Petition for violations of their rights, damage to their property,

violations of state law and seeking declaratory judgment, injunctive relief, damages and costs against Defendants, Cypress Ranch Ltd., Cypress Ranch Development Inc., Russell Parker, Edward C. Moore, E.C. Moore Consulting, Inc. and ccCarlton Industries, Ltd.  In support thereof, Plaintiffs would respectfully show the following:

## DISCOVERY

1.     Plaintiffs desire to pursue this case under the Level 2 Discovery Procedures established by the Texas Rules of Civil Procedure.

## INTRODUCTION

2.   · Since September 2003, the West Cypress Hills development, which is located along East Lick Creek in Travis County, Texas, upstream of the Plaintiffs, has been discharging substantial amounts of pollution into East Lick Creek, feeding into the Pedernales River, in violation of State law, to the detriment of Plaintiffs' rights and property.

3.     Despite complaints by the Plaintiffs and written notice advising Defendants of the ongoing pollution they were causing, no regulatory agency has diligently responded to the harmful acts and omissions of Defendants for the violations or pollution apart from periodic stop work orders, issued after especially egregious pollution events, and catastrophic failures of pollution controls designed and installed by Plaintiffs.

4.     Plaintiffs have and continue to be injured by the actions of the Defendants. Plaintiffs pray for injunctive relief, costs, attorney's fees and such other and further relief as this Court may grant to remedy the harms they suffer.

2

5.      Plaintiffs also bring a claim under section 11.086 of the Texas Water Code for damages they suffer from the activities of the Defendants which have resulted in the overflow of water diverted and impounded by them.  For this injury, Plaintiffs pray for injunctive relief, damages, costs, attorney's fees, and such other and further relief as this Court may grant to remedy the harms they have suffered and continue to suffer.

### JURISDICTION

6.      This Court has jurisdiction of this action pursuant to Article 5, section 8 of the Texas Constitution, section 65.021 of the Texas Civil Practice & Remedies Code, section 24.007 of the Texas Government Code, and section 11.0841 of the Texas Water Code.  The Court may issue injunctive relief pursuant to section 65.011 of the Texas Civil Practices and Remedies Code, sections 11.0841 and 11.086 of the Texas Water Code, and the equitable powers of the court.  Plaintiffs have suffered actual and consequential damages in an amount that is within the jurisdictional limits of the Court.

7.      Venue is proper in this Court pursuant to section 15.002 of the Texas Civil Practices and Remedies Code because the events giving rise to the cause of action occurred in Travis County.

8.      Plaintiffs have no adequate remedy at law.  Unless this Court grants the requested relief, the Defendants' actions will continue to cause irreparable harm to the environment, to Plaintiffs, and to the public in violation of the law and the public interest.  No monetary damages or other legal remedy alone could adequately compensate Plaintiffs for these harms.

3

## PARTIES

9.    Plaintiffs are individuals who are all landowners and homeowners living adjacent
to or in the near vicinity of and downstream of the West Cypress Hills
development ("Development").   Plaintiffs have all been and continue to be
harmed by pollution from the development.

10.    The Plaintiffs have suffered injuries and will continue to suffer injury from the
acts and omissions of the Defendants unless this Court grants their requested
relief.  Their injuries, detailed more fully below, include substantial interference
with Plaintiffs' use and enjoyment of their respective properties, a physical
invasion of Plaintiffs' property by unreasonable amounts of sediment and other
pollutants, and adverse environmental, quality of life and aesthetic impacts caused
by the pollution to Lick Creek, which runs through and near their properties and
which has until recently provided them and other nearby residents with domestic
use, recreational use, aesthetic and quality of life enjoyment every day that they
have lived on their land.  As described more fully below, the source of the
pollution causing Plaintiffs' injury is the West Cypress Hills development.
Moreover, as owners of land adjacent to Lick Creek, the Plaintiffs are the holders
of riparian, vested water rights entitling them to divert and use water from Lick
Creek for domestic and livestock purposes.   The Plaintiffs have in the past
exercised, and continue to use exercise to the extent possible, these vested riparian
water rights. The Plaintiffs' vested riparian water rights are superior to all other
appropriative rights to the waters of Lick Creek, including any rights the

4

Defendants might have.  The Plaintiffs' ability to exercise their riparian water

rights have been and continue to be impaired by the Defendants' unauthorized

diversion, impoundment, and use of surface water in violation of the requirements

of Texas Water Code Ch. 11 and rules adopted by the Texas Commission on

Environmental Quality (TCEQ) pursuant to that chapter.

11.     Defendant Cypress Ranch Ltd. ("developer" or "Cypress Ranch") is owned and

controlled by Defendant Mr. Russell Parker ("developer" or "Parker") by and

through Defendant Cypress Ranch Development, Inc. and is responsible for the

West Cypress Hills development.   Cypress Ranch Ltd. and Cypress Ranch

Development, Inc. are Texas business entities whose registered agent is Steve

Hurst, 12416 Hymeadow Drive, Austin, Texas 78750.

12.     Defendant Edward C. Moore is the engineer for the project.  His business address

is 1000 Cuernavaca, Austin, Texas, 78733.  Edward C. Moore is registered agent

for Defendant E.C. Moore Consulting, Inc., at 1000 Cuernavaca, Austin, Texas,

78733.

13.     Defendant ccCarlton Industries, Ltd. is the general contractor for the project.  The

registered agent for ccCarlton Industries Ltd. is C. Craig Carlton, 6207 Bee Caves

Road, Suite 320, Austin, Texas 78746.

## FACTS

A.      **Spring-fed Lick Creek previously ran crystal clear and provided optimal
        recreation waters for the Plaintiffs and others.**

14.     Lick Creek is located in western Travis County, Texas.  Lick Creek is a tributary

of the Pedernales River.  Lick Creek is a spring-fed perennial creek.  The Lick

5

Creek watershed drains an area of 7.1 square miles (4,500 acres). Upstream from Pedernales Canyon Trail, Lick Creek is divided into two branches: East Lick Creek and West Lick Creek, which are both spring-fed and perennial.

15.    Lick Creek falls under the regulatory jurisdiction of the following entities: Lower Colorado River Authority ("LCRA"), Texas Commission on Environmental Quality ("TCEQ")[1], United States Army Corps of Engineers ("USACOE"), and Travis County, Texas.

16.    The West Lick Creek watershed is primarily ranchland, covered by pasture grasses, oaks, and ash-juniper. The dominant soil type is shallow clay loam covering limestone of layers of alternating hardness, forming the characteristic terraced topography of the Texas Hill Country.

17.    Most of the East Lick Creek watershed is rural ranchland, similar to the West Lick Creek watershed, although a few businesses are located in the watershed along State Highway 71 West.

18.    The West Cypress Hills development lies along East Lick Creek, just upstream of the confluence of West and East Lick Creek at Pedernales Canyon Trail.

19.    Downstream of Pedernales Canyon Trail, Lick Creek flows through a narrow limestone canyon containing several unique features. One such feature is the Levi Rock Shelter, which was known for some time as the 7th oldest paleolithic site in the United States. Further downstream are numerous spring-fed pools and cypress trees along the banks of the Creek. The canyon widens as Lick Creek approaches the Pedernales River.

---

[1] Texas was delegated the authority to administer a Texas Pollutant Discharge Elimination System pursuant to 33 U.S.C. § 1342(b) in September 1998.

6

20.   All of the Lick Creek watershed is fed by spring flow from the Trinity Aquifer.

21.   Until recently, spring-fed Lick Creek ran crystal clear and provided water for domestic uses and excellent recreational, aesthetic, and quality of life enjoyment to residents of the area.

22.   The Plaintiffs and their neighbors have a long history of enjoying the Creek. They have swum in the clear, blue, swimming holes; and shared the unique beauty of the Creek with friends and family members for many years. They have observed and enjoyed the wildlife supported by the Creek and the effect of the weather on the Creek. The Plaintiffs have observed how and when the Creek flows after storm events and throughout the seasons of the year.

23.   In short, the Creek has been an integral part of the Plaintiffs' lives. Plaintiffs have collected pictures and journals about their lives on the Creek; and all of the Plaintiffs bought their land because of its proximity to this pristine Creek and the unique, multiple uses the Creek provides. For example, Plaintiff Warren Stinson received all of his household water for domestic uses from the Creek until the West Cypress Hills development degraded the water to such an extent that it is no longer suitable for any domestic use. Other Plaintiffs use the waters of the Creek for multiple domestic purposes. All of the Plaintiffs use the Creek as a source of aesthetic enjoyment, recreation and entertainment for friends and other family members. All of these uses have been degraded and for some Plaintiffs, entirely eliminated. As owners of land adjacent to Lick Creek, all of the Plaintiffs are the holders of riparian, vested water rights entitling them to divert and use water from Lick Creek for domestic and livestock purposes. The Plaintiffs have in the past

7

exercised, and continue to use exercise to the extent possible, these vested riparian water rights. The Plaintiffs' ability to exercise their riparian water rights have been and continue to be impaired by the Defendants' unauthorized diversion, impoundment, and use of surface water in violation of the requirements of Texas Water Code Ch. 11 and rules adopted by the Texas Commission on Environmental Quality (TCEQ) pursuant to that chapter.

**B.    During phase 1 of construction, West Cypress Hills is developing 388 homes in the heretofore rural Hill Country.**

24.    Within this beautiful rural setting in the Texas Hill Country, Cypress Ranch has proposed to build a housing subdivision and amenities along with new roadways and utilities on previously undeveloped land.

25.    In phase one of the project, the developer is subdividing an approximately 250-acre site into 388 single-family lots.  The related construction includes 19,858 linear feet of roadway, a regional water quality pond, a wastewater treatment facility, and other utilities.

26.    In about September 2003, the developer broke ground on the project. Development began with the construction of internal roads and a regional water quality pond located in the East Lick Creek watershed.

**C.    Since construction began, the Creek has not run clear but rather is consistently laden with sediment and other pollutants.**

27.    Beginning in September 2003, the Plaintiffs noticed that the previously clear waters of Lick Creek began to run chocolate brown.

28.    Upon further investigation, the neighbors discovered that construction had begun upstream of their properties on Lick Creek.  The neighbors discovered that a large

8

bowl had been excavated to create an area for a large pond and a dam of more than a four hundred feet in width in the East Branch of Lick Creek.

29.     The dam created a source of pollution that has been continually discharging sediment and other pollutants into Lick Creek since construction began in September 2003.

**D.     Lick Creek Plaintiffs and regulatory agencies have documented violations from late summer 2003 to present and regulatory agencies have noted violations and issued stop work orders.**

30.     As stated earlier, the Plaintiffs and other neighbors have observed and monitored their Creek for many years.  Plaintiffs have kept journals and photos of their lives along the Creek throughout the years.

31.     Since September, 2003, Plaintiffs have continued their observation and monitoring efforts.  Plaintiffs have collected numerous water samples that conclusively show that water flowing into the Creek from the development site is laden with excessive sediment and other pollutants.  Plaintiffs have photos and videotape of the water quality violations at the development site.  Plaintiffs also have photos and videotape of failing erosion and sedimentation controls, work being done in violation of issued Stop Work Orders, and polluted water containing sediment, being discharged onto the land of Plaintiff Stephen Case.

32.     The LCRA has extensive data from repeated water quality sampling analysis that proves ongoing water quality violations since September 2003.

33.     LCRA issued a first Stop Work Order on the project on March 18, 2004 due to excessive releases of sediment from the site.  On information and belief, total

9

suspended solids ("TSS") leaving the site at this time was greater than 5500 mg/L while the Creek upstream of the project did not indicate any TSS.

34.    The United States Army Corps of Engineers ("USACOE" or "Corps") issued a Cease and Desist Letter on March 16, 2004.  The Corps later found that the initial site development work, done without consulting appropriate authorities, destroyed two of the three prehistoric Native American archaeological campsites on the property.

35.    LCRA issued a second Stop Work Order on June 18, 2004.  This Stop Work Order was issued because of loss of sediment caused by the failure of erosion controls  for the entire development that was causing silt to be continually washed into Lick Creek downstream of the project.

36.    Travis County Officials issued their own Stop Work Order on July 6, 2004, after their inspectors witnessed substantial, ongoing discharges of sediment caused by Defendants' construction activities.

37.    LCRA lifted both of its Stop Work Orders on August 4, 2004, in part, because development areas that were disturbed or in some state of construction prior to the Stop Work Orders were experiencing erosion problems and required immediate attention to try to prevent continued contamination and degradation of the Creek.

38.    When it lifted its Stop Work Orders, LCRA imposed a condition mandating that TSS leaving the development site shall not exceed 2 mg/L in dry conditions or 70 mg/L during a rainfall exceeding 1.5 inches per rain event.

39.    In an effort to alleviate the excessive sediment runoff and pollution, Defendants began applying excessive amounts of fertilizers and other additives to stimulate

the growth of vegetative groundcover on the land they had denuded with their excavation and construction activities, creating runoff of phosphorous and other pollutants into the Creek. This runoff of additional pollutants resulted in the creation of massive algae blooms that have covered and degraded large portions of the Creek.

40.    While the above agencies have issued warnings and letters requiring work on the project to stop, none has taken actions that would prevent continued and ongoing pollution. Despite the developer's persistent violations and failure to timely correct noted violations, the regulating authorities continued to assist the developer and failed to assess penalties that would have created the obviously necessary incentive the developer needs to come into compliance with the law and cease pollution of Lick Creek.

41.    The previous and continued pollution of Lick Creek has and will cause harm to Plaintiffs, water quality, and the ecology of the Creek.

42.    The previous and continued pollution of Lick Creek has also diminished the value of Plaintiffs' properties and creates a threat of increased downstream flooding.

43.    Despite the warnings of governmental agencies, Defendants' did not implement measures or mitigation activities that might have abated or at least reduced the pollution to the Creek. The efforts of Defendants actually compounded the environmental degradation of the Creek, after the warnings issued from the named agencies.

## PLAINTIFFS' CLAIMS FOR RELIEF

### CLAIM ONE (Nuisance)

44.    Defendants' actions and illegal discharges into Lick Creek from the West Cypress Hills development constitute an unreasonable use of property under Defendants' ownership and/or control and substantially interfere with Plaintiffs' use and enjoyment of their property by causing unreasonable amounts of sediment and other pollutants to enter and be carried down Lick Creek and onto and near Plaintiffs' property, as well as substantial harm to the environment. Plaintiffs' domestic, aesthetic and recreational use of the Creek have been greatly reduced, and in many instances eliminated.

45.    Moreover, Defendants have installed large flagpoles and flood lights at the entrance to their development. These installations create a condition of visual blight and a condition of light pollution that creates a nuisance, obscuring Plaintiffs ability to see and enjoy the nighttime sky.

46.    Plaintiffs each own property adjacent to Lick Creek and own portions of the creek bed beneath Lick Creek.

47.    The Plaintiffs are each persons of ordinary sensibilities, attempting to use their property for domestic, aesthetic and recreational uses, and they have been and are being substantially interfered with as a result of the actions of the Defendants. It would be unreasonable for Defendants to be permitted to continue causing the pollution and degradation of Lick Creek, and the resulting interference with Plaintiffs' use and enjoyment of their properties, in this manner.

12

48. The damage to Lick Creek, and the resulting interferences with Plaintiffs' use and enjoyment of their properties, is the result of the negligence of Defendants and is the proximate cause of the harm sustained by Plaintiffs because:

 a. Defendants have a duty to design, construct and maintain the West Cypress Hills development in a manner that does not cause unreasonable amount of sediment and other pollutants to enter the Creek and be transported onto and adjacent to Plaintiffs' property;

 b. Defendants breached this duty by failing to so design, construct and maintain the West Cypress Hills development; and

 c. The pollution and degradation of Lick Creek caused by Defendants' breaches are the direct cause of Plaintiffs' injuries, including the loss of their ability to use the Creek for domestic, aesthetic and recreational purposes.

49. Defendants' actions constitute violations of numerous federal, state and local statutes, regulations, ordinances, and permits including:

 a. failure to obtain an NPDES permit, as required, for a discharge from a point source into waters of the United States;

 b. violations of the terms and conditions of TPDES Permit No. TXR150000CWA (Construction General Permit);

 c. failure to obtain a permit, as required, to dredge or fill waters of the United Sates as required by § 404 of the federal Clean Water Act;

 d. the making of false and fraudulent statements to the United States Army Corps of Engineers regarding the requirement to obtain a permit to dredge or fill waters of the United Sates as required by § 404 of the federal Clean Water Act;

        e.      failure to obtain a permit, as required, to divert, impound and use state water, in violation of TEX. WATER CODE ANN. §§ 11.121 and 11.081;

        f.      diverting or impounding surface water in a manner that damages the property of another by the overflow of the water diverted or impounded in violation of TEX. WATER CODE ANN. § 11.086.

50.    The consequences of the Defendants' actions, including causing unreasonable amounts of sediment and other pollutants to enter and be carried down Lick Creek, depositing large amounts of sediment and onto and near Plaintiffs' property and creating substantial, noxious algae blooms, would proximately cause a person of ordinary sensibilities to no longer be able to use the Creek and the waters from the Creek for domestic or recreational purposes or aesthetic enjoyment.

51.    The consequences of the Defendants actions, together with Defendant's violation of the statutes and other requirements set forth in Paragraph 50, constitute a recurring nuisance, and a nuisance per se.

52.    As a proximate result of the aforementioned nuisance conditions resulting from Defendant's actions, Plaintiffs have suffered actual and consequential damages, in an amount that is within the jurisdictional limits of the Court.

53.    Unless Defendant is enjoined as requested, Plaintiffs will continue to suffer adverse impacts from the sediment and other pollutants discharged into the Creek by Defendants, which constitutes substantial interference with the use of their Property. Because of the ongoing and recurring nature of this nuisance, an award of damages would not be an adequate remedy.

14

54.  A balancing of the equities in this case strongly favors the issuance of an injunction against Defendants because:

a.   Applicable law requires Defendants to design, construct and maintain their West Cypress Hills development in a manner that does not cause unreasonable amounts of sediment and other pollutants to enter Lick Creek and be carried onto and near Plaintiffs' properties;

b.   Defendants are capable of designing, constructing, and maintaining the their West Cypress Hills development in a manner which would avoid the creation and maintenance of a nuisance as described above;

c.   Despite being given sufficient opportunity, Defendants have not endeavored to design, construct and maintain their development in such a way as to cease or limit these recurring nuisance conditions;

d.   In addition to Plaintiffs, other property owners and citizens, on and in the vicinity of Lick Creek, have suffered similar effects and interference with the use and enjoyment of their property as a result of Defendants' actions;

e.   Defendants' financial burden resulting from being required to modify its development so as to prevent the creation and maintenance of such nuisance conditions, would not so greatly exceed potential damages for future injury likely to be suffered by Plaintiffs should an injunction be withheld;

f.   Because of the recurring and unpredictable nature of the recurring nuisance conditions described above, an award of damages would not be an adequate remedy; and

15

g.   Plaintiffs each have substantial interests in being able to use their respective property without the substantial interference caused by Defendants, and this interest is being severely harmed by the manner in which Defendants are designing, constructing, and maintaining their development.

55.   Unless Defendants are restrained and enjoined from continuing their present course of conduct, Plaintiffs will continue to suffer the harms set forth above, for which Plaintiffs has no adequate remedy at law.

## CLAIM TWO (Trespass)

56.   Plaintiffs own real property immediately adjacent to Lick Creek, in the bed beneath Lick Creek, and riparian rights associated with such property, at the time that such property and the rights associated rights with that property were damaged by the actions of Defendants, and at all times relevant to this lawsuit.

57.   Defendants, as a result of their intentional and voluntary actions, have caused unreasonable amounts of pollutants and contaminants – including sediment and Phosphorus – to enter and run down Lick Creek and enter on and be deposited on Plaintiff's property.  Such invasion is an inevitable consequence of Defendants' actions.

58.   Defendants, as a result of their intentional and voluntary actions, have caused and continue to cause injury to Plaintiff's right to possess their property free of obnoxious pollutants including sediment and phosphorus which causes creek-choking algal blooms. This invasion is ongoing.

16

59.   As a proximate result of the aforementioned trespass committed by Defendants, Plaintiffs have suffered actual and consequential damages, in an amount that is within the jurisdictional limits of the Court.

### CLAIM THREE (Negligence)

60.   Defendants have failed to use the skills of reasonably prudent professionals in the same or similar circumstances in connection with the planning, implementation, construction and operation of the West Cypress Hills Development. Their negligence has been the proximate cause of damages to Plaintiffs in an amount that is within the jurisdictional limits of the Court.

### CLAIM FOUR (Unauthorized diversion, impoundment and use of state water)

61.   In addition to the violations noted above, the developer has failed to obtain a water right to construct the in-channel dam and reservoir on Lick Creek and divert, impound and use state water, in violation of TEX. WATER CODE ANN. §§ 11.121 and 11.081 and rules adopted by the Texas Commission on Environmental Quality (TCEQ). As a result of the Defendants' illegal actions, the quantity and quality of water flowing downstream from the Defendants' property has been substantially reduced, thereby impairing the ability of the Plaintiffs to exercise their vested riparian rights to those waters.

### CLAIM FIVE (Willful violations law & fraud)

62.   In addition to the violations noted above, Defendants have willfully polluted Lick Creek in the following manner:

17

63.   On multiple occasions, the developer violated the law by directly discharging polluted water from the silt-filled pond over the dam and into East Lick Creek.

64.   On multiple occasions, Defendants violated the law by allowing water to overflow the top of the dam and discharge polluted water from the silt-filled pond into East Lick Creek.

65.   On several documented occasions, Defendants continued work on the project site in violation of the various Stop Work Orders that were in effect.

66.   Defendants misrepresented facts in its development plans submitted to LCRA, TCEQ, and probably Travis County and other governmental entities.

67.   Defendants made false representations to the USACOE in a letter dated December 12, 2003. Defendants stated that LCRA concurred that no section 404 permit was needed for the project, when in fact no such concurrence was or could have been given by LCRA.

**CLAIM SIX (Violation of Texas Water Code section 11.086)**

68.   Section 11.086 of the Texas Water Code provides in relevant part:

> "(a) No person may divert or impound the natural flow of surface waters in this state, or permit a diversion or impounding by him to continue, in a manner that damages the property of another by the overflow of the water diverted or impounded.
>
> (b) A person whose property is injured by an overflow of water caused by an unlawful diversion or impounding has remedies at law and in equity and may recover damages occasioned by the flow." Tex. Water Code (Vernon 2000).

69.   The overflow of water caused by Defendant's dam and in-channel detention pond has damaged Plaintiffs' property and threatens them with future flooding of and

18

further damage to their property in violation of section 11.086 of the Texas Water Code.

## REQUEST FOR DECLARATORY RELIEF

70.    Plaintiffs request a declaration under Texas' Uniform Declaratory Judgments Act (TEX. CIV. PRAC. & REM. CODE ANN. § 37.001-.011 (Vernon 1997 & Supp. 2004-05) ("UDJA"), that:

a.    Defendants failure to obtain an NPDES permit for a discharge from a point source into waters of the United States, constitutes a violation of the federal Clean Water Act;

b.    Defendants actions violate the terms and conditions of TPDES Permit No. TXR150000

c.    Defendants failure to comply with the terms and conditions of TPDES Permit No. TXR150000 CWA (Construction General Permit) constitute violations of the federal Clean Water Act;

d.    Defendants failure to obtain a permit to dredge or fill waters of the United States as required constitute a violation of the federal Clean Water Act;

e.    Defendant's failure to obtain a permit to divert and impound water constitutes violations of TEX. WATER CODE ANN. §§ 11.121 and 11.081;

f.    Defendant's actions constitute a violation of TEX. WATER CODE ANN. § 11.086.

19

## REQUEST FOR ATTORNEYS FEES AND EXPERT COSTS

71.   In the course of prosecuting this lawsuit, Plaintiffs have incurred reasonable and necessary attorney's fees.

72.   Plaintiffs request that the court render a judgment against Defendants requiring Defendants to pay Plaintiffs' costs and reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 37.009.

73.   Plaintiff also request that the court render a judgment against Defendants requiring Defendants to pay Plaintiffs' costs, reasonable attorneys fees and reasonable expert fees pursuant to TEX. WATER CODE § 11.0841(b).

## REQUEST FOR JURY TRIAL

74.   Plaintiffs hereby request a trial by jury of this cause and will pay the jury fee at the time of filing this Plaintiffs' Original Petition and Request for Jury Trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that, upon trial on the merits, the Court enter an order:

1.   Granting declaratory relief that Plaintiffs' property has been damaged by the acts and omissions of the Defendants;

2.   Granting permanent injunction requiring removal of the dam, if mandated, and the implementation of necessary pollution abatement controls and practices;

3.   Granting permanent injunction prohibiting further pollution of Lick Creek;

4.   Awarding damages to compensate Plaintiffs' for injury to their property;

5.   Awarding costs to restore the Creek to its former condition;

20

6.    Awarding costs to monitor and sample the Creek up to now and into the future;

7.    Awarding costs for the reduction in lost recreational opportunities in and along the Creek;

8.    Awarding Plaintiffs' their costs of litigation, attorney's fees and expert costs in pursuing this action;

9.    Granting injunctive relief to redress the impairment to the Plaintiffs' water rights caused by the Defendants' unauthorized diversion, impoundment and use of state water; and

10.    Granting such other and further relief, including injunctive relief, as may be just and proper.


Respectfully submitted,


PHILLIP POPLIN
Texas Bar No. 16139270
STUART HENRY
Texas Bar No. 09484000

HENRY & POPLIN
819 ½ West 11th Street
Austin, TX 78701
(512) 708-1549
fax (512) 708-1297

**ATTORNEYS FOR PLAINTIFFS**

21

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## Notice of Document/Attachment(s) Not Imaged but Stored with Document in Case File

### See Original File to View/Copy Document/Attachment(s)

Civil Case No.          A:05-CA-772 LY

Kori Blankenship, et al.

VS.

Cypress Ranch, Ltd., et al.

Attachments to
Document #:          1

Description:          Notice of Removal

File Date:          9/21/05

Prepared by:          tdk


### This sheet to be imaged as the last page.